# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO MIL, JR., <br><br> Petitioner, <br><br> v. <br><br> SCOTT FRAUENHEIM, <br><br> Respondent. | Case No. 1:16-cv-00264-LJO-SAB-HC <br><br> FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR EQUITABLE TOLLING, GRANT RESPONDENT'S MOTION TO DISMISS, AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> (ECF Nos. 2, 14) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner was convicted by a jury in Kern County Superior Court of first-degree murder. The jury found true the special circumstances allegation that the murder was committed during a robbery and burglary. Petitioner was sentenced to an imprisonment term of life without the possibility of parole plus two years. (LD[1] 1, 2). On June 17, 2010, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). On January 23, 2012, the California Supreme Court reversed the Court of Appeal's judgment to the extent it affirmed the jury's true finding on the special circumstances of murder in the commission of a robbery and

---

[1] "LD" refers to the documents lodged by Respondent on May 19, 2016. (ECF No. 16).

1

burglary and the sentence of life without the possibility of parole. The case was remanded for resentencing or retrial on the issue of the special circumstances. People v. Mil, 53 Cal. 4th 400, 419–20 (2012). On July 27, 2012, Petitioner was resentenced to an imprisonment term of twenty-five years to life plus two years. (LD 6). The resentencing was not appealed.

On April 2, 2013,[2] Petitioner filed a state petition for writ of habeas corpus in the Kern County Superior Court, which denied the petition on July 24, 2013. (LDs 7, 8). On August 15, 2013, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on October 24, 2013. (LDs 9, 10). On September 14, 2013, Petitioner filed a federal petition for writ of habeas corpus in this Court, which dismissed the petition for nonexhaustion on February 19, 2014. (LDs 13, 16). On February 10, 2016, Petitioner filed a state habeas petition in the California Supreme Court, which summarily denied the petition on April 27, 2016.[3]

On February 13, 2016, Petitioner filed the instant federal petition for writ of habeas corpus along with a motion for equitable tolling. (ECF Nos. 1, 2). On April 29, 2016, Respondent filed a motion to dismiss. (ECF No. 14).

## II.

## DISCUSSION

### A. Statute of Limitation

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. The Court notes that Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 14 at 2 n.2).

[3] In the motion to dismiss, Respondent states that Petitioner's state habeas petition was still pending in the California Supreme Court. (ECF No. 14 at 2). The California Courts website shows that the California Supreme Court summarily denied the petition on April 27, 2016. See Worthy v. Hartley, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice."). As the California Supreme Court has ruled on the petition, dismissal is not warranted on nonexhaustion grounds.

after the enactment of the AEDPA and is therefore governed by its provisions. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner was resentenced on July 26, 2012, and did not appeal. Therefore, the judgment became final when Petitioner's time for seeking review expired on September 24, 2012, sixty days after Petitioner was resentenced. See Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, September 25, 2012, and absent tolling, was set to expire on September 24, 2013. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B.  Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). On April 2, 2013, Petitioner filed a state petition for writ of habeas corpus in the Kern County Superior Court, which denied the petition on July 24, 2013. (LDs 7, 8). On August 15, 2013, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on October 24, 2013. (LDs 9, 10). There is nothing in the record that suggests these two state habeas petition were not properly filed, and Respondent makes no such argument. Thus, Petitioner is entitled to statutory tolling for the period these two state habeas petition were pending and the interval between the Kern County Superior Court's adverse decision and when the petition was filed in the California Court of Appeal. See Evans v. Chavis, 546 U.S. 189, 193 (2006).

While his state habeas petition was pending in the California Court of Appeal, Petitioner also filed a federal habeas petition in this Court on September 14, 2013. (LD 13). This Court dismissed Petitioner's federal habeas petition on February 19, 2014 for failure to exhaust state remedies. (LD 16). However, the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

Petitioner did not file a state habeas petition in the California Supreme Court until February 10, 2016, which is 839 days after the California Court of Appeal denied habeas relief. Given that a habeas petition that is untimely under state law is not "properly filed," Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005), "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period," Curiel v. Miller, --- F.3d ----, 2016 WL 394172, at *3 (9th Cir. July 25, 2016) (en banc) (citing Campbell v. Henry, 614 F.3d 1056, 1061 (9th Cir. 2010)). "[I]f a California court dismisses a habeas petition without comment . . . a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98). In the instant case, the California Supreme Court summarily denied Petitioner's state habeas petition without comment. Thus, the Court must examine the delay and determine whether the petition was timely under state law.

///

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

As explanation for the substantial 839-day delay, Petitioner states that he did not receive notice of the California Court of Appeal's October 24, 2013 denial of his habeas petition until November 10, 2015. (ECF No. 2 at 2).[4] Petitioner relied on the assistance of a fellow inmate to prepare his state habeas petition filed in the California Court of Appeal in August 2013. Petitioner alleges that after six or seven months passed without a response from the court, Petitioner raised his concerns to the inmate who had assisted with his petition. The inmate informed Petitioner that it was a normal delay, and other inmates agreed with that assessment. (Id. at 1). Around Christmas 2014, Petitioner again raised concerns to the inmate, who repeated that the state court's delay was normal. However, to address Petitioner's concerns, the inmate wrote a letter to the court. As more months passed by with no response from the state court, Petitioner again raised his concerns to the inmate, who repeated that delays were to be expected. A few months thereafter, Petitioner approached another inmate, Mr. Jose Carlos Rodriguez ("Rodriguez"), with his concerns about the state court's delay. (Id. at 2). Rodriguez prepared a Notice and Request for Ruling, and Petitioner mailed it to the California Court of Appeal in October 2015. (Id. at 2, 5). On November 10, 2015, Petitioner received an envelope from the California Court of Appeal that contained a copy of the order denying his petition on October 24, 2013. (Id. at 2, 6).

The 839-day delay in the instant case far exceeds the "30 to 60 day benchmark" of the reasonable time standard. Robinson, 795 F.3d at 929. Thus, only if Petitioner can demonstrate good cause will Petitioner's habeas petition filed in the California Supreme Court be deemed

---

[4] Page numbers refer to the ECF page numbers stamped at the top of the page.

timely. With respect to determining whether a state prisoner has good cause for delay in filing a habeas petition, the Court is not aware of any California case finding that good cause is established when a petitioner lacks knowledge that a court reached a decision on a previous habeas petition. See, e.g., In re Sanders, 21 Cal. 4th 697, 701 (1999) (holding abandonment by counsel in capital case constitutes good cause for delay); In re Gallego, 18 Cal. 4th 825, 835 (1998) (holding delay was not unreasonable when petitioner requested but was denied funding to investigate claim); In re Robbins, 18 Cal. 4th 770, 780 (1998) (noting that good cause for delay may be established if petitioner was conducting an ongoing investigation into a potentially meritorious claim); In re Douglas, 200 Cal. App. 4th 236, 244 (Cal. Ct. App. 2011) (holding petitioner's mistaken belief does not constitute good cause to explain delay); In re Lucero, 200 Cal. App. 4th 38, 44–45 (Cal. Ct. App. 2011) (holding ten-month delay was not unreasonable when prison law library did not receive a newly-decided case for several months and the issue was important for petition with life sentence). Petitioner mistakenly believing that the California Court of Appeal had not ruled on his petition without taking any affirmative steps to ascertain its status for sixteen months does not constitute good cause. See Douglas, 200 Cal. App. 4th at 244 ("California law does not condone willful ignorance: 'A petitioner will be expected to demonstrate due diligence in pursuing potential claims.'") (quoting In re Clark, 5 Cal. 4th 750, 775 (1993)). Accordingly, Petitioner is not entitled to statutory tolling of the period after the California Court of Appeal denied habeas relief and while his petition in the California Supreme Court was pending.

      The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. One hundred eighty-nine days elapsed between the date Petitioner's state conviction became final (September 24, 2012) and the date Petitioner filed his first state habeas petition in the Kern County Superior Court (April 2, 2013). The AEDPA's one-year clock stopped while Petitioner's state habeas petitions in the Kern County Superior Court and the California Court of Appeal were pending (April 2, 2013–October 24, 2013). Thereafter, 839 days elapsed before Petitioner filed a habeas petition in the California Supreme Court (February 10, 2016). As discussed above, the untimely petition filed in the California Supreme

Court was not "properly filed," and thus, the time before and during the court's consideration of said petition is not tolled. The limitation period expired before Petitioner filed his petition in the California Supreme Court and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Lack of knowledge that the state court has reached a decision on his state habeas petition may constitute an extraordinary circumstance so as to justify equitable tolling if the prisoner has acted diligently." Fue v. Biter, 810 F.3d 1114, 1117 (9th Cir. 2016) (citing Ramirez v. Yates, 571 F.3d 993, 997–98 (9th Cir. 2009)). To determine whether Petitioner is entitled to equitable tolling, the Court must consider "(1) on what date [Petitioner] actually received notice; (2) whether [Petitioner] acted diligently to obtain notice; and (3) whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible." Fue, 810 F.3d at 1117 (internal quotation marks omitted) (quoting Ramirez, 571 F.3d at 998).

In Huizar v. Carey, the Ninth Circuit held that the petitioner acted diligently to obtain notice of the state court's decision when he sent an initial letter of inquiry after two months, resent a copy of the petition after an additional twenty-one months, and then sent a second letter of inquiry after an additional five months. 273 F.3d 1220, 1224 (9th Cir. 2001). In Fue, the Ninth Circuit distinguished Huizar's "steady string of correspondence" and held that Fue was not diligent when he "waited fourteen months before initially inquiring into the status of his state habeas petition." Fue, 810 F.3d at 1119. The Court finds that the instant case is more analogous to Fue than Huizar and that Petitioner did not act diligently to obtain notice that the Court of Appeal had reached a decision on his state habeas petition. Although Petitioner twice

corresponded with the Court of Appeal regarding the status of his petition, Petitioner did not make his initial inquiry until sixteen months after the petition was filed. Additionally, Petitioner's lack of familiarity with the California Rules of Court's time standards for ruling on habeas petitions has no bearing on the Court's diligence inquiry. See Fue, 810 F.3d at 1119 n.3 ("Fue was undeserving of equitable tolling regardless of what he knew (or didn't know) about his petition because it was unreasonable for him not to take *any action* to investigate its status for as many as fourteen months after filing."). Accordingly, the Court finds that equitable tolling is not warranted.

Based on the foregoing, the Court finds that the instant federal petition for writ of habeas corpus was not timely filed. Although Petitioner is entitled to statutory tolling while his two state habeas petitions were pending in the Kern County Superior Court and the California Court of Appeal, the limitation period was not tolled after the Court of Appeal denied relief and while his petition was pending in the California Supreme Court. In addition, Petitioner has not demonstrated that equitable tolling is warranted in this case. As the instant petition was not timely filed, dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Petitioner's motion for equitable tolling (ECF No. 2) be DENIED;

2. Respondent's motion to dismiss (ECF No. 14) be GRANTED; and

3. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The

assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 5, 2016**

UNITED STATES MAGISTRATE JUDGE